## THE CURTIN.

(District Court, E. D. Pennsylvania. December 3, 1908.)

### No. 31.

MARITIME LIENS (§ 65*)—SUPPLIES—PROOF OF DELIVERY TO VESSEL.

A vessel cannot be subjected to a lien for supplies on evidence that they were ordered by some person who represented himself to be either the captain or the cook, and were charged to the vessel, and which fails to show that they were in fact delivered to the vessel or to any one authorized to receive them for her.

[Ed. Note.—For other cases, see Maritime Liens, Cent. Dig. § 103; Dec. Dig. § 65.*]

In Admiralty. Suit to enforce lien for supplies.

A. Lawrence Wetherill, for libelant.
John A. Toomey, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

J. B. McPHERSON, District Judge. This is a claim for supplies said to have been furnished to the tug Curtin in August and in December, 1904. Several questions were raised and argued at the hearing, but of these only one need be noticed, namely, the question whether there is sufficient evidence that the supplies were actually delivered to the vessel. To this the answer must, I think, be in the negative. Indeed, the libelants offered practically no testimony whatever from which the fact of delivery could be properly inferred. They did not even know whether the goods were sold to the captain or the cook, and the principal witness went so far as to testify that he only knew that the goods had been sold to some person "who represented himself to be either the captain or the cook." Manifestly, this is not enough to subject the vessel to a lien. The fact that the goods were charged against the tug upon the libelants' books is not of itself sufficient to support the action, and adds little, if any, weight to the meager testimony already referred to. For all that appears, the person who ordered the goods may have falsely represented himself to be connected in some capacity with the tug; or, even if they were ordered by the captain or by some other person acting in his behalf, they may have been delivered elsewhere than upon the vessel or within its control. This defect in the proof is fatal to the claim. The Vigilancia (D. C.) 58 Fed. 698; The Cabarga, Fed. Cas. No. 2,276; James Dalzell's Son v. Kaine (D. C.) 31 Fed. 748; Hays v. Rees, 93 Fed. 984, 36 C. C. A. 45. As is stated in 26 Cyc. 786, § 5:

"The basis of a lien for necessaries is a benefit rendered the vessel. Hence, in order for such a lien to arise, the necessaries must be either delivered on board the vessel, or brought into immediate relations to her, as by being delivered on the wharf or into the custody of some one authorized to receive them."

See cases cited in note 87; also, 19 Am. & Eng. Ency. 1101, § 1, and cases in notes.

A decree may be entered dismissing the libel, with costs.